UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ROSHAWN MCLAUGHLIN, *on behalf of himself and others similarly situated*,

                      Plaintiff,

    - against -

ONANAFE MANAGEMENT SOLUTIONS LLC, *et al.*,

                      Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6792 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

Plaintiff Roshawn McLaughlin ("Plaintiff") brings the instant action against Defendants Onanafe Management Solutions LLC ("Onanafe"), Kleanix Facility Services, LLC d/b/a Kleanix Facility Services ("Kleanix"), Ojiyoma Igbayo ("Igbayo"), and Lauren Hawke-Igbayo ("Hawke-Igbayo") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act and the New York Labor Law. Pending before this Court are Plaintiff's objections to the Report and Recommendation ("R&R") of the Honorable Marcia M. Henry, dated September 14, 2024. The R&R recommends that this Court deny Plaintiff's motion for default judgment as to Defendants Kleanix, Igbayo, and Hawke-Igbayo, but grant in part Plaintiff's motion for default judgment as to Defendant Onanafe. The R&R further recommends that this Court award Plaintiff damages in the amount of $148,453.50 plus pre- and post-judgment interest. For the reasons stated below, this Court overrules Plaintiff's objections and adopts the recommendation of Judge Henry's thorough and well-reasoned R&R in full. Plaintiff, however, is granted leave to file a renewed motion for default judgment against Igbayo and Hawke-Igbayo (the "Individual Defendants") by November 1, 2024.

## BACKGROUND

The facts are more fully set forth in Judge Henry's R&R.  (R&R, Dkt. 27, at 2–4.)  As relevant here,[1] Defendants owned and operated a cleaning, janitorial, and maintenance services business, Kleanix, through Onanafe.  (Am. Compl., Dkt. 10, ¶¶ 10, 14, 22, 27, 36.)  The Individual Defendants were owners and principals of Kleanix and had the power to, among other things, hire and fire employees and set wages and schedules.  (*Id.* ¶¶ 27, 30–36, 39–44.)

Defendants employed Plaintiff as a cleaner and porter from approximately February 2021 to August 1, 2023.  (*Id.* ¶¶ 69–70; McLaughlin Decl., Dkt. 25-13, ¶ 2.)  As Judge Henry explained,

> [Plaintiff] regularly worked five (5) days per week, from 10:00 a.m. to 6:00 p.m., Sunday through Thursday, for approximately forty (40) hours per week.  Defendants occasionally requested Plaintiff to work an additional day (Saturday) and therefore, over forty (40) hours per week. . . .  Defendants paid Plaintiff $13.00 per hour for all hours worked, including any hours worked over forty hours.  Additionally, even though Plaintiff worked without any scheduled meal breaks, Defendants deducted one hour for meal breaks. . . .  Defendants employed Plaintiff as a manual worker and paid Plaintiff biweekly instead of weekly.

(R&R, Dkt. 27, at 2–3 (cleaned up).)

Plaintiff commenced this action on November 7, 2022, (Compl., Dkt. 1), and filed the operative Amended Complaint on May 2, 2023, (Am. Compl., Dkt. 10).  Plaintiff purportedly served the summons and Amended Complaint on Defendants in June 2023 and August 2024.  (Affs. of Service, Dkts. 16–17, 21–22.)  After Defendants failed to appear or otherwise respond to the Amended Complaint, the Clerk of Court issued certificates of default against Defendants in July 2023 and September 2023 at Plaintiff's request.  (Dkts. 18–19, 23–24.)  Plaintiff moved for

---

[1] For purposes of Plaintiff's default motion, the Court "accept[s] as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (first citing Fed. R. Civ. P. 8(b)(6); then citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).

2

default judgment against Defendants on November 21, 2023. (Dkts. 25–26.) On November 27, 2023, the undersigned referred the motion to Judge Henry. (11/27/2023 Order Referring Mot.)

On September 14, 2024, Judge Henry issued the R&R, in which she recommended that Plaintiff's motion be granted in part and denied in part. (R&R, Dkt. 27, at 39.) Specifically, Judge Henry recommended that the Court grant Plaintiff's motion in part as to Defendant Onanafe, and deny it as to Kleanix and the Individual Defendants. (*Id.*) As relevant here, Judge Henry recommended that the Court deny Plaintiff's motion as to the Individual Defendants because Plaintiff had failed to establish compliance with the procedural requirements of the Servicemembers Civil Relief Act ("SCRA") as to those Defendants. (*Id.* at 10–12.) Plaintiff served the R&R on Defendants. (Aff. of Service, Dkt. 28.) Then, on September 27, 2024, Plaintiff filed an objection to the portion of the R&R that recommended that the Court deny Plaintiff's motion as to the Individual Defendants. (Pl.'s Objections to R&R ("Pl.'s Objs."), Dkt. 29.) No objections have been filed by Defendants.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party timely files written objections to a magistrate judge's findings or recommendations on a dispositive issue, the district court must review *de novo* the aspects to which objections have been made. *See id.*; Fed. R. Civ. P. 72(b). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citing *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). "[G]eneral objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in

3

the original papers will not suffice to invoke *de novo* review.'" *Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019) (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009)). Moreover, it is well-settled that "courts generally do not consider new evidence raised in objections." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018) (cleaned up); *see also Lane Holdings, Inc. v. Kliger-Weiss Infosystems, Inc.*, No. 17-CV-6631 (SJF) (ARL), 2020 WL 5987908, at *2 (E.D.N.Y. Oct. 9, 2020) (collecting cases).

The portions of a magistrate judge's findings and recommendations to which no party timely objects need be reviewed, at most, for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003))). Regardless of whether it engages in *de novo* review or reviews simply for clear error, "[t]he district court need not[] . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety," particularly when it is "clear" that "the challenges are meritless." *Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order).

## DISCUSSION

Plaintiff objects to Judge Henry's recommendation that the Court deny Plaintiff's motion for default judgment as to the Individual Defendants based on Plaintiff's failure to comply with the SCRA's procedural requirements. (Pl.'s Objs., Dkt. 29, at 1.) Plaintiff does not dispute that

4

he failed to comply with the SCRA; rather, he objects to Judge Henry's recommendation that his motion be denied without giving him an opportunity to supplement or re-file the motion so as to bring it into compliance. (*Id.* at 2 (citing *Jimenez v. Green Olive Inc.*, No. 23-CV-8805, 2024 U.S. Dist. LEXIS 133441, at *26 (E.D.N.Y. July 28, 2024)).) Since the issuance of the R&R, Plaintiff's counsel has performed an investigation and has determined that neither of the Individual Defendants are members of the United States military. (*Id.*) Plaintiff's counsel submits an affirmation describing said investigation along with Plaintiff's objections. (*See id.*; Affirm. of William Brown Supp. Pl.'s Objs., Dkt. 29-1.)

Pursuant to the SCRA, a plaintiff seeking default judgment is required to file "an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(b)(1)(A); *accord Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA) (RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022) (citing 50 U.S.C. § 3931(b)(1)) ("In a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit."), *R. & R. adopted*, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023). The "affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered." *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD) (VMS), 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (quoting *Pruco Life Ins. Co. of N.J. v. Est. of Locker*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)). A motion for default judgment that fails to comply with the SCRA's requirements must be denied. *Id.* ("Plaintiff's failure to comply with the [SCRA] requires denial of his motion for default judgment.").

5

Here, Plaintiff concedes that his motion for default judgment failed to establish his compliance with the SCRA. (Pl.'s Objs., Dkt. 29, at 2.) Specifically, Plaintiff did not file an affidavit stating whether the Individual Defendants were in the military and showing necessary facts to support the affidavit at the time Plaintiff moved for default judgment, nor any other evidence indicating that Plaintiff undertook an investigation to determine this fact. (*See generally* Affirm. of William Brown Supp. Pl.'s Default J., Dkt. 25-1; *see also* R&R, Dkt. 27, at 11 (quoting *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370148, at *9 (E.D.N.Y. Aug. 11, 2020), *R. & R. adopted*, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020)).) And though courts occasionally provide a plaintiff who has failed to establish SCRA compliance with an opportunity to cure the deficiency, *e.g.*, *Jimenez*, 2024 U.S. Dist. LEXIS 133441, at *26, there is certainly no requirement that a court do so. To the contrary, courts frequently deny motions for default judgment in this context *without* providing another opportunity to comply with the SCRA's procedural requirements. *E.g.*, *Nevelskiy v. Advanced Pro. Grp., Inc.*, No. 23-CV-2364 (KAM) (JAM), 2024 WL 2745190, at *10 (E.D.N.Y. May 29, 2024). Thus, the Court concludes that Judge Henry properly denied Plaintiff's motion for default judgment against the Individual Defendants.

Finally, the Court declines to consider the additional evidence that Plaintiff submits with his objections in an effort to belatedly demonstrate SCRA compliance. As noted, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Fischer*, 286 F. Supp. 3d at 603. Consideration of new evidence "is merited only in rare cases" in which the objecting party has offered a "compelling reason for the late production of such evidence, . . . [or] for its failure to present such evidence to the magistrate judge." *Id.* (cleaned up). Here, Plaintiff provides *no* reason for his failure to provide this evidence

6

at the outset, let alone a compelling one. (*See* Pl.'s Objs., Dkt. 29, at 2.) To review Plaintiff's new evidence at this juncture "would reduce the magistrate's work to something akin to a meaningless dress rehearsal," *Michalow v. E. Coast Restoration & Consulting Corp.*, No. 09-CV-5475 (KAM) (RML), 2018 WL 1559762, at *6 (E.D.N.Y. Mar. 31, 2018) (quoting *In re Consol. RNC Cases*, 2009 WL 130178, at *10 (S.D.N.Y. Jan. 8, 2009)), and "reward careless preparation of the initial papers," *Morris v. Amalgamated Lithographers of Am., Loc. One*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998); *see also Schiff v. Yayi Int'l Inc.*, No. 15-CV-359 (VSB), 2020 WL 3893345, at *3 (S.D.N.Y. July 9, 2020) ("Objections to magistrate judge's report and recommendation . . . are not opportunities to receive a 'second bite at the apple,' . . . [] as the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary."). Accordingly, Plaintiff's objections to the portion of the R&R denying his motion for default judgment as to the Individual Defendants are overruled. Nevertheless, the Court will permit Plaintiff to file a renewed motion for default judgment against the Individual Defendants by November 1, 2024, if he so chooses. *E.g.*, *Nevelskiy*, 2024 WL 2745190, at *10; *Gordon v. Chambers*, No. 20-CV-696 (JAM), 2024 WL 1710901, at *7 (E.D.N.Y. Apr. 22, 2024).

The Court has reviewed the remainder of Judge Henry's thorough and well-reasoned R&R and finds no clear error. Accordingly, this Court adopts Judge Henry's R&R in its entirety for the reasons stated therein. Plaintiff's motion for default judgment is denied as to Kleanix and the Individual Defendants. (R&R, Dkt. 27, at 8, 11–12.) Plaintiff's motion for default judgment as to Onanafe is granted in part, and Plaintiff is awarded:

- $46,231.25 in unpaid minimum wages and unpaid overtime wages;
- $46,231.25 in liquidated damages for unpaid wages;
- $33,800 in liquidated damages for untimely pay;
- $9,872.40 in prejudgment interest to increase by $11.40 per day until the day judgment is entered;

7

- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a);
- $11,750 in attorneys' fees; and
- $568.60 in costs.

(*Id.* at 39.)  All other requests for relief as to Defendant Onanafe are denied.  (*Id.*)

## CONCLUSION

For the reasons explained above, this Court adopts the R&R in its entirety.  Default judgment is granted in part as to Plaintiff's claims against Defendant Onanafe, but is denied as to Kleanix and the Individual Defendants.  Plaintiff is granted leave to file a renewed motion for default judgment against the Individual Defendants by November 1, 2024.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2024
       Brooklyn, New York

8