UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROSHAWN McLAUGHLIN, *on behalf of himself and others similarly situated*,

               Plaintiff,

- against -

ONANAFE MANAGEMENT SOLUTIONS LLC, *et al.*,

               Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6792 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

Plaintiff Roshawn McLaughlin ("Plaintiff") brings the instant action against Defendants Onanafe Management Solutions LLC ("Onanafe"), Kleanix Facility Services, LLC d/b/a Kleanix Facility Services ("Kleanix"), Ojiyoma Igbayo ("Igbayo"), and Lauren Hawke-Igbayo ("Hawke-Igbayo") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Pending before this Court is Plaintiff's Second Motion for Default Judgment, in which Plaintiff moves for default judgment against Igbayo and Hawke-Igbayo (collectively, "Individual Defendants"). For the reasons stated below, Plaintiff's motion is granted.

**BACKGROUND**

The facts and procedural history are more fully set forth in the Report & Recommendations ("R&R") of the Honorable Marcia M. Henry, Magistrate Judge, dated September 14, 2024, and this Court's Order Adopting R&R, dated September 30, 2024. (R&R, Dkt. 27 ("R&R"), at 2–4; Order Adopting R&R, Dkt. 31 ("Order Adopting R&R"), at 2–3.) As relevant here,[1] Plaintiff

---

[1] For purposes of Plaintiff's default motion, the Court "accept[s] as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages." *Gunawan v. Sake*

commenced this action on November 7, 2022. (Compl., Dkt. 1.) At Plaintiff's request, the Clerk of Court entered Certificates of Default against all Defendants in July 2023 and September 2023. (Dkts. 19, 24.) Plaintiff moved for default judgment against all Defendants on November 21, 2023. (Dkts. 25–26.) After referral of that motion, Judge Henry issued the R&R, recommending that default judgment be granted as to Defendant Onanafe and denied as to Defendant Kleanix and the Individual Defendants. (11/27/2023 Order Referring Mot.; R&R at 39.) Judge Henry recommended that the Court deny Plaintiff's motion as to the Individual Defendants because Plaintiff had failed to establish compliance with the procedural requirements of the Servicemembers Civil Relief Act ("SCRA") as to those Defendants. (R&R at 10–12.) Plaintiff served the R&R on Defendants. (Aff. of Service, Dkt. 28.) On September 30, 2024, this Court issued an Order adopting the R&R in full, granting Plaintiff's Motion for Default Judgment as to Onanafe and denying it as to Kleanix and the Individual Defendants. (Order Adopting R&R.) This Court further granted Plaintiff leave to file a renewed motion for default judgment against the Individual Defendants. (*Id.*) Accordingly, on November 1, 2024, Plaintiff filed the Second Motion for Default Judgment for that purpose. (Dkt. 33.) No objections have been filed by the Individual Defendants.

## LEGAL STANDARD

This Court previously adopted in full Judge Henry's R&R, which appropriately sets out the standard for reviewing a motion for default judgment. (R&R at 4–5; Order Adopting R&R at 8.) As explained in the R&R, "[t]he decision to grant or deny a default motion is 'left to the sound discretion of a district court.'" (R&R at 4 (quoting *Shah v. N.Y. State Dep't of Civ. Serv.*,

---

*Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (first citing Fed. R. Civ. P. 8(b)(6); and then citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).

2

168 F.3d 610, 615 (2d Cir. 1999)).) "The Court must draw all reasonable inferences in favor of the movant." (*Id.* (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).) But "a default only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." (*Id.* (cleaned up) (quoting *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019)).)

## DISCUSSION

As relevant to Plaintiff's Second Motion for Default Judgment, Judge Henry found that: the Court has subject matter jurisdiction over these claims and personal jurisdiction over the Individual Defendants; venue is proper in this district; Plaintiff has demonstrated procedural compliance with the Local Civil Rules; Plaintiff has complied with the appropriate statute of limitations; the three-factor test used to determine whether to grant a default judgment has been satisfied; and Plaintiff has sufficiently demonstrated liability and damages in the total amount of $148,453.50.[2] (*See generally* R&R.) But Judge Henry recommended denial of default judgment as to the Individual Defendants because Plaintiff had failed to demonstrate that he had complied with the SCRA as to those Defendants. Adopting Judge Henry's R&R in full, the Court denied default judgment as to the Individual Defendants.

**I.    Procedural Compliance with the SCRA**

The R&R and the Order Adopting R&R set forth the standard for a plaintiff seeking default judgment to comply with the SCRA. (R&R at 10–11; Order Adopting R&R at 5.) Plaintiff previously conceded that his first Motion for Default Judgment failed to establish compliance with the SCRA because he "did not file an affidavit stating whether the Individual Defendants were in

---

[2] While Judge Henry's analysis and findings regarding the default judgment factors and statutory liability under FLSA and NYLL are specific to Defendant Onanafe, (R&R at 12–13, 18–29), the Court finds that the same analysis applies to the Individual Defendants.

3

the military and showing necessary facts to support the affidavit at the time Plaintiff moved for default judgment, nor any other evidence indicating that Plaintiff undertook an investigation to determine this fact. (Order Adopting R&R at 6 (citing Pl.'s Objs., Dkt. 29, at 2).)

The Court now finds that Plaintiff has established procedural compliance with the SCRA. After "the Individual Defendants' default, Plaintiff's counsel . . . conducted an investigation into whether the Individual Defendants are in active military service." (Aff. of William Brown, Dkt. 33-1 ¶ 21.) That investigation found both that "the Individual Defendants are not in active military service" and that, since being served with the Amended Complaint, they have "been beyond the age limitation to enlist in any branch of the United States military." (*Id.* ¶¶ 21–24.)

## II. Liability

"To establish a minimum wage or overtime claim under FLSA, the plaintiff must prove the following: (1) the defendant is an employer subject to the FLSA; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." (R&R at 14 (cleaned up) (citation omitted).) Judge Henry already found that Plaintiff is an "employee" within the meaning of the FLSA and that the employment relationship is not exempted from the FLSA, satisfying the second and third requirements. (*Id.* at 16–17.) Here, the Court finds that Plaintiff has also satisfied the first requirement based on the individual coverage test against the Individual Defendants, and accordingly has established that the Individual Defendants are "employers" under both the FLSA and NYLL.

### A. Employer Subject to the FLSA

The Individual Defendants are owners and/or principals of Kleanix. (Am. Compl., Dkt. 10 ("Am. Compl."), ¶¶ 27, 36.) The Amended Complaint alleges that they are covered employers within the meaning of the FLSA. (*Id.* ¶¶ 13, 28, 37.) An employer includes "any person [e.g., an individual or a corporation] acting directly or indirectly in the interest of an employer in relation

4

to an employee." 29 U.S.C. § 203(d). As Judge Henry explained in the R&R, the "two methods of establishing FLSA coverage are known as 'enterprise coverage' and 'individual coverage.'" (R&R at 14 (quoting *Sanchez v. Ms. Wine Shop, Inc.*, 643 F. Supp. 2d 355, 367 (E.D.N.Y. 2022)).) Judge Henry found that Plaintiff satisfied the enterprise coverage standard against Onanafe, but because of procedural deficiency with respect to the Individual Defendants, did not address whether Plaintiff also satisfied the individual coverage test against the Individual Defendants. (*Id.* at 14–16 & n.6.)

The same standard applies to determine whether an individual is an employer for both FLSA and NYLL claims. *Han v. Shang Noodle House, Inc.*, No. 20-CV-2266 (PKC) (VMS), 2024 WL 4333825, at *3 (E.D.N.Y. Sept. 27, 2024) (citing *Winfield v. Babylon Beauty Sch. of Smithtown, Inc.*, 89 F. Supp. 3d 556, 570 (E.D.N.Y. 2015)). "Courts assess whether an individual defendant has the requisite control on a 'case-by-case basis' by reviewing 'the totality of the circumstances.'" *Wu v. Queens Blossom Corp.*, No. 18-CV-1366 (RPK) (RER), 2021 WL 2827309, at *7 (E.D.N.Y. July 7, 2021) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)). To evaluate if an individual is liable as an employer under the FLSA, courts evaluate the situation's "economic reality," the individual's "operational control," and the individual's "potential power." *Gromina v. Kazmarck*, No. 22-CV-0744 (JPO), 2024 WL 4534710, at *6 (S.D.N.Y. Oct. 21, 2024) (first citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984); and then citing *Irizarry*, 722 F.3d at 109–10). Individual employers under the FLSA "may be held jointly and severally liable to the plaintiff." *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-0451 (CBA) (CLP), 2016 WL 8376837, at *5 (E.D.N.Y. Dec. 21, 2016) (citing *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002)), *vacated per stipulation*, 2018 WL 43477791, at *1 (E.D.N.Y.

5

Jan. 23, 2018). As detailed below, the Court finds that Plaintiff's allegations are sufficient to establish FLSA individual coverage as to both Individual Defendants.

1. Economic Reality

Courts use four non-exhaustive factors (the "*Carter*" factors), none of which is dispositive, to evaluate a situation's "economic reality": "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104–05 (quoting *Carter*, 735 F.2d at 12). *See also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("No one of the four factors standing alone is dispositive.").

Both Individual Defendants satisfy the first *Carter* factor because they both "had the power to hire" or fire Plaintiff, and did hire and fire Plaintiff's managers and supervisors. (Am. Compl. ¶¶ 32–33, 41–42.) While the Individual Defendants' hiring and firing power over Plaintiff independently satisfies this factor, their wielding of that power over his managers and supervisors also "is a strong indication of control." *Herman*, 172 F.3d at 140.

Both Individual Defendants also satisfy the second *Carter* factor, though it is a closer call. The First Amended Complaint alleges that Individual Defendants had slightly different roles with respect to supervision of Plaintiff's work schedules and conditions of employment. Igbayo satisfies this second factor because "Plaintiff was directly supervised by [him] on a day-to-day basis." (Am. Compl. ¶ 32.) Though Plaintiff alleges only that Igbayo "had the power to . . . control the terms and conditions of [Plaintiff's] employment," including his "work schedule[]"—and does not clearly allege that Igbayo *did* exercise that power and ability to control—the Court infers from Igbayo's status as Plaintiff's direct supervisor that Igbayo did control Plaintiff's work schedule and conditions of employment. (*Id.*) Further, Plaintiff alleges that Igbayo *did* "supervise[] and

6

control[] the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees," (*id.* ¶ 33), so the allegations suggest that Igbayo did at least "supervise[] and control[]" *some* employees' "conditions of employment," *Irizarry*, 722 F.3d 9 at 105 (quoting *Carter*, 735 F.2d at 12). In sum, the Court finds that Plaintiff has adequately alleged that Igbayo satisfies this second factor.

Defendant Hawke-Igbayo also satisfies this second factor. Plaintiff does not allege that Hawke-Igbayo had control (or exercised control) over his work schedule, but Plaintiff does allege that "each [Individual] Defendant had substantial control over Plaintiff's . . . working conditions," (Am. Compl. ¶¶ 12, 46), and that Hawke-Igbayo "had the power to . . . control the terms and conditions of [Plaintiff and similarly situated employees'] employment," (*id.* ¶ 41). As with Igbayo, Plaintiff alleges that Hawke-Igbayo did "supervise[] and control[] the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees," (*id.* ¶ 42), and so Plaintiff's allegations suggest that Hawke-Igbayo at least "supervised and controlled" *some* employees' "conditions of employment," if not Plaintiff's directly, *Irizarry*, 722 F.3d at 105 (quoting *Carter*, 735 F.2d at 12). Here, the Court finds these allegations sufficient to satisfy the second factor for Hawke-Igbayo.[3]

---

[3] While the Court could require a greater showing—e.g., that Hawke-Igbayo had actually controlled the terms and conditions of Plaintiff's employment, and not just that Hawke-Igbayo "had the power to" do so, (Am. Compl. ¶ 41)—the FLSA's remedial nature "warrants an expansive interpretation of its provisions" "[e]ven in the individual-liability context," *Irizarry*, 722 F.3d at 110 (cleaned up). And because Hawke-Igbayo has defaulted, she has not provided evidence to counter Plaintiff's allegations, thus conceding liability here. *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015) ("[A] party's default is considered a concession of all well-pleaded allegations of liability."). Employers should not be able to escape liability by not responding to the complaint or submitting to discovery.

Though not dispositive, *see Herman*, 172 F.3d at 139, Plaintiff has not adequately alleged that either Individual Defendant satisfies the third and fourth *Carter* factors, which consider whether the Individual Defendants "determined the rate and method of payment" of Plaintiff's compensation or other employees' compensation and "maintained employment records," *Irizarry*, 722 F.3d at 105 (quoting *Carter*, 735 F.2d at 12). Plaintiff alleges that both Individual Defendants "had authority over . . . payroll decisions," (Am. Compl. ¶¶ 31, 40), and that Igbayo "had the power to" control Plaintiff's "pay," (*id.* ¶ 32), but he does not allege that either Individual Defendant actually determined the rate and method of payment for Plaintiff or even Plaintiff's managers or supervisors. Similarly, Plaintiff alleges that both Individual Defendants "had the power to maintain employment records," (*id.* ¶¶ 35, 43), but he does not allege that either of them actually did so.[4]

    2.    <u>Operational Control</u>

In addition to considering evidence showing an individual's direct control over the plaintiff employee, courts consider whether the individual exerted operational control by considering "evidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general." *Irizarry*, 722 F.3d at 110 (cleaned up) (quoting *Herman*, 172 F.3d at 140). Such evidence "is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employee[]." *Id.* (cleaned up) (same). "A person exercises operational control over employees if [their] role within

---

[4] The Court notes that, while "Plaintiff [did] not allege the size of the employer," (R&R at 19), Plaintiff alleges that there are "more than forty (40) members of the Class," which is comprised of "all current and former non-exempt employees" who are similarly situated to Plaintiff, (Am. Compl. ¶¶ 53, 57). This relatively small number of current and former employees makes it likely that the Individual Defendants, who owned and operated the company, actually controlled the terms and conditions of Plaintiff's employment and maintained employment records.

8

the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.*

Plaintiff has sufficiently alleged that both Individual Defendants exercised operational control over the Kleanix employees. Plaintiff alleges that, "[a]t all relevant times," both Individual Defendants were "directly involved in managing the operations," (Am. Compl. ¶¶ 30, 39), including hiring, firing, promoting, disciplining, supervising, and controlling "the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees," (*id.* ¶¶ 33, 42). This conduct amply demonstrates that the Individual Defendants exercised authority over the company's management and affairs in general and that their decisions directly affected the nature and conditions of employment of Kleanix's employees, thereby establishing the Individual Defendants' operational control over the Kleanix employees, including Plaintiff.

      3.  <u>Potential Power</u>

Courts in the Second Circuit also consider individuals' "potential power" over employees because "'operational control' need not be exercised constantly for an individual to be liable under the FLSA." *Irizarry*, 722 F.3d at 110. And so "a clear delineation of an individual's power over employees is an important and telling factor in the 'economic reality' test." *Id.* at 111.

Both Individual Defendants possessed potential power over Kleanix's employees. Their status as owners and/or principals, (Am. Compl. ¶¶ 27, 36), when evaluated alongside their direct involvement "in managing the operations," (*id.* ¶¶ 30, 39), and their various powers over Kleanix's employees—including the ability to hire, fire, promote, and discipline them—demonstrate the Individual Defendants' potential power over the Kleanix employees, even if it was not constantly exercised.

9

Plaintiff has established that the Individual Defendants meet two of the four *Carter* factors and that they held both operative control and potential power in the context of his employment. Though the failure to meet more than two *Carter* factors makes this a close case, after analyzing the totality of the circumstances, keeping in mind the FLSA's remedial nature, the Court finds that Plaintiff has sufficiently alleged that the Individual Defendants qualify as "employers" under the statute. *See Irizarry*, 722 F.3 at 116 ("We recognize that the facts here make for a close case, but we are guided by the principles behind the liquidated damages provision of the FLSA in resolving the impact of the totality of the circumstances described herein.").

### B. NYLL Coverage

Plaintiff must also establish that the employment relationship with Individual Defendants "falls within the NYLL, which applies to any person employed for hire by an employer in any employment." (R&R at 17 (cleaned up) (quoting *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-CV-2180 (AMD) (PK), 2022 WL 1018791, at *7 (E.D.N.Y. Mar. 16, 2022)).) The NYLL's definition of "employer" is "'nearly identical'"[5] to the FLSA's definition. (*Id.* (quoting *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. Sept. 28, 2017)).) Because Plaintiff has sufficiently established that the Individual Defendants are "employers" for purposes of the FLSA, the Court finds that he has done so for the NYLL as well.

## CONCLUSION

Judge Henry's thorough and well-reasoned R&R lays out both the appropriate analysis for Plaintiff's allegations of statutory violations and the correct evaluation of damages. (R&R at 18–

---

[5] The difference between the two definitions is not relevant here: unlike the FLSA, "the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. Sept. 28, 2017) (citing N.Y. Lab. Law §§ 651(5)–(6)).

39.) The Court has already adopted that R&R after finding no clear error. (Order Adopting R&R at 8.) Now that Plaintiff has cured his previous lack of procedural compliance with the SCRA, and the Court has found that the Individual Defendants qualify as "employers," Plaintiff's Second Motion for Default Judgment is granted, and the Individual Defendants, together with Onanafe, are jointly and severally liable for the damages Plaintiff was previously awarded:

- $46,231.25 in unpaid minimum wages and unpaid overtime wages;
- $46,231.25 in liquidated damages for unpaid wages;
- $33,800 in liquidated damages for untimely pay;
- $9,872.40 in prejudgment interest to increase by $11.40 per day until the day judgment is entered;
- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a);
- $11,750 in attorneys' fees; and
- $568.60 in costs.

(*Id.* at 7–8.)

For the reasons explained above, Plaintiff's Second Motion for Default Judgment against Individual Defendants is granted. The Clerk of Court is respectfully directed to enter the proposed default judgment (as amended)[6] against Individual Defendants and to close this case.

A copy of this Order is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Order to: (1) Ojiyoma Igbayo, 106 Hull Street, 1 Fl., Brooklyn, NY 11233; and (2) Lauren Hawke-Igbayo, 905 Woodmere Drive, Valley Stream, NY 11581.

---

[6] The amendments to the proposed judgment at Dkt. 33-9 are: (1) in the caption, deleting the names "Onanafe Management Solutions LLC" and "Kleanix Facility Services, LLC d/b/a/ Kleanix Facility Services"; (2) in the first and second paragraphs, deleting "Onanafe Management Solutions LLC"; and (3) in the last paragraph, revising the amounts of damages to be consistent with this Order.

11

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 12, 2024
      Brooklyn, New York

12